UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO HUGGINS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KRATOS DEFENSE & SECURITY SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-03976-JSC<br><br>**ORDER TO SHOW CAUSE TO PLAINTIFF** |

    Plaintiff Antonio Huggins filed this qui tam action under the False Claims Act, 31 U.S.C. § 3729-3733. The FCA imposes civil liability on any person who, among other things, "knowingly presents ... a false or fraudulent claim for payment or approval" to the federal government. 31 U.S.C. § 3729(a)(1)(A). A private person, called a relator, may bring an FCA action "in the name of the Government," known as a qui tam action. *Id*. § 3730(b)(1).

    On May 11, 2021, Plaintiff's counsel moved to withdraw from the case, noting that Plaintiff gave knowing and free assent to counsel's withdrawal. (Dkt. No. 26.) The Court granted the motion. (Dkt. No. 27.)  As no new counsel has appeared on Mr. Huggins behalf, Mr. Huggins is currently proceeding without representation by legal cousnel.  However, a qui tam action may not be brought by a plaintiff proceeding without being represented by an attorney. *See Stoner v. Santa Clara Cnty. Off. of Educ*., 502 F.3d 1116, 1126–27 (9th Cir. 2007) (holding that "[b]ecause qui tam relators are not prosecuting only their own case but also representing the United States and binding it to any adverse judgment the relators may obtain," an unrepresented plaintiff may not prosecute this claim under the False Claims Act).

    Accordingly, **Plaintiff must obtain an attorney to represent him for purposes this**

**False Claims Act action by August 19, 2021, that is, an attorney must make an appearance on Plaintiff's behalf by August 19, 2021.** If no attorney authorized to practice in this District makes an appearance by that date, the Court may prepare a report and recommendation recommending that a district judge dismiss his complaint. *See Hucul v. California*, 812 F. App'x 626 (9th Cir. 2020) (holding that district court did not abuse its discretion by dismissing plaintiff's qui tam action after being warned that plaintiff could not pursue qui tam action without an attorney).

**IT IS SO ORDERED.**

Dated: July 26, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge